KEHOE, Judge.
Appellant, cross-defendant below, brings this appeal from an order entered by the trial court denying its motion to vacate sale and to vacate order correcting scrivener’s error nunc pro tunc. We have concluded that it was not error for the trial court to deny appellant’s motion to vacate the order correcting a scrivener’s error; however, we have further concluded that it was error for the trial court not to grant appellant’s motion to vacate the sale.
On December 5, 1976, a foreclosure sale of appellant’s property was conducted to satisfy a final judgment of foreclosure entered in favor of appellee mortgagee, cross-plaintiff below. Appellee was the purchaser at the sale which was held pursuant to notice. Subsequently, certificates of sale and title, were issued. All of these acts were under the apparent aegis of Section 45.031, Florida Statutes (1975), which relates to judicial sales procedures.
After the issuance of the certificate of title, appellee discovered that there was an error in the description of the property sold. The error appeared in the notice of sale, certificate of sale, and certificate of title. Appellee then brought this matter to the attention of the trial court which, ex parte, on December 29, 1976, entered an order correcting the scrivener’s error nunc pro tunc.
Thereafter, appellant filed a motion to vacate the order correcting the scrivener’s error and to vacate the final judgment of foreclosure, the public sale thereunder, and the certificates of sale and title. On January 13, 1977, the trial court entered an order denying appellant’s motions. This appeal followed.
Appellant’s primary point on appeal is that the notice of sale failed to comply with the statutory requirements of Section 45.-031, Florida Statutes (1975), thereby depriving it of due process of law.
Although we do not agree with appellant’s contention that the trial court abused its discretion in correcting the scrivener’s error, we have concluded that, because a proper legal description of the property to be sold is an essential requirement of Section 45.031, Florida Statutes (1975), the trial court did abuse its discretion in denying appellant’s motion to vacate the sale, etc. Having discovered and corrected the error, the trial court should cause the property to be resold pursuant to the applicable statutory provisions for such sales. Therefore, the order appealed is reversed, except to the extent that it permitted the scrivener’s error to be corrected, and remanded to the trial court for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded.